IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL D. MARTIN,

   Plaintiff,

v.

STATE OF MARYLAND,

   Defendant.

Civil Action No.:  SAG-23-2316

**MEMORANDUM OPINION**

On August 21, 2023, Plaintiff Michael D. Martin, a prisoner confined at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Martin did not file a Motion to Proceed in Forma Pauperis or pay the civil filing fee.  For the reasons that follow, he shall not be required to cure the deficiency.

Because Martin is a prisoner suing "a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint before it may proceed, and the Court must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a), (b)(1).  A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a *pro se* plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Martin claims that claims that his 2014 convictions for conspiracy to commit first degree murder, first degree murder, and use of a handgun in the commission of a crime of violence from the Baltimore County Circuit Court are deficient and seeks compensatory damages.  ECF No. 1. Martin alleges that during the investigation of the death of Robert Holiday, detectives illegally

tracked Martin's cell phone location. ECF No. 1 at 3. He claims that the illegal tracking ultimately led to the seizure of his cell phone and the search of a residence in Prince George's County where ammunition was recovered. *Id*. at 5. Martin explains that during his criminal trial, the State produced evidence of Martin's cell phone number and the location of his cell phone, which at the time of the murder was in close proximity to the scene of the murder. *Id*. Prosecutors also introduced Matin's cell phone records to establish the conspiracy between Martin and his co-defendant and also introduced the ammunition recovered at the residence in Prince George's County. *Id.* Martin claims that detectives did not have authorization to track the movement of his cell phone. *Id.* at 6. Martin also takes issue with the detectives securing search warrants from a judge in Baltimore County, where the crime occurred, rather than from a judge in Prince George's County, where the residence searched was located. *Id*. at 9.

Here, Martin's Complaint fails to name appropriate parties as Defendants. A Complaint filed pursuant to 42 U.S.C. § 1983 requires the plaintiff to name a person who, acting under color of State law, deprived the plaintiff of his or her civil rights. Martin names the State of Maryland as the sole Defendant. Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id*., citing *Florida Department of Health v. Florida Nursing Home Assn.,* 450 U.S. 147 (1981) (*per curiam*). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's

constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Martin's complaint against the State of Maryland is barred by the Eleventh Amendment.

Further, Martin's claims are also based on his criminal case that has not been overturned. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that claims advanced in a civil rights action for damages that "necessarily imply that the plaintiff's criminal conviction is wrongful" or invalid are barred. Certainly, if Martin's claims regarding the illegal use of his cell phone location data and the alleged invalidity of warrants issues in his criminal case were litigated in the context of this civil rights complaint, it would imply his conviction was wrongful. His complaint is therefore barred by the holding in *Heck* and he may not litigate such claims unless or until his conviction is overturned.

Accordingly, the Complaint is dismissed. A separate Order follows.

September 7, 2023                             /s/
Date                                               Stephanie A. Gallagher
                                                     United States District Judge